U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed March 8, 2010                                                                 United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORTH WORTH DIVISION

| | |
|---|---|
| IN RE:    JAMES T. THRASH
             KIMBERLY K. THRASH | CASE NO:   499-46344 |

JAMES T. THRASH and
KIMBERLY K. THRASH,
   Plaintiffs,

v.                                                                                 Adversary Proceeding No. 09-4142-dml

OCWEN LOAN SERVICING, LLC
   Defendant.

**ORDER**

THIS CAUSE having come on to be heard the 3rd day of March, 2010, on the Plaintiffs' Motion to Compel Responses to Discovery Requests, and the Court, being fully advised in the premises and after hearing argument from the parties, hereby finds that the Motion is well-taken and due to be granted: Accordingly, it is hereby ORDERED:

(1)	that Defendant shall provide to Plaintiffs within ten (10) days of this Order full and complete responses to the following interrogatories propounded by Plaintiffs:

### Interrogatory Number 5

Identify any policy, practice or procedure used by you since December 6, 1999, in determining how payments made by Ocwen customers in Chapter 13 bankruptcies are applied to the accounts of those customers.

### Interrogatory Number 6

Identify any policy, practice or procedure used by you since December 6, 1999, to determine when to seek leave of the Court prior to adding expenses, fees, or other charges to the accounts of your customers in Chapter 13 bankruptcies.

### Interrogatory Number 7

Identify any policy, practice or procedure used by you since December 6, 1999, to determine whether to notify the Court, the Chapter 13 Trustee, or the customer's bankruptcy counsel upon charging expenses, fees or other amounts to the accounts of your customers in Chapter 13 bankruptcies.

### Interrogatory Number 8

Identify any policy, practice or procedure used by you since December 6, 1999, prevent efforts to collect discharged or otherwise non-collectable amounts from customers who have received discharges in Chapter 13 Bankruptcy cases.

(2)	that Defendant shall produce to Plaintiffs within ten (10) days of this Order all documents and things responsive to the following requests for production:

### Request for Production Number 5

Produce all policies, procedures or practices relating in any way to your servicing, ownership, collection or management of Plaintiffs' mortgage loan during the Plaintiffs' Bankruptcy case or since their discharge.

### Request for Production Number 6

Produce any "documents" used since December 6, 1999, in the evaluation, servicing, management or review of the mortgages of your customers in Chapter 13 bankruptcies.

(3)	that Plaintiffs' counsel and Defendant's counsel shall enter into and file with the Court an agreed Protective Order which shall control access to and protect the confidentiality of any confidential information produced by Defendant pursuant to this Order.

*** END OF ORDER ***